UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DMITRII IASTREBOV,

        Petitioner,

   v.

                           Case No. 2:26-cv-1697-KCD-NPM

WARDEN, BAKER COUNTY
DETENTION FACILITY, TODD
BLANCHE, ATTORNEY
GENERAL OF THE UNITED
STATES; GARRETT J RIPPA, ICE
JACKSONVILLE FIELD OFFICE
DIRECTOR; KELEI WALKER,
ACTING FIELD OFFICE
DIRECTOR; AND MARKWAYNE
MULLIN, SECRETARY OF
HOMELAND SECURITY;

        Respondents,

_____/

## **ORDER**

Petitioner Dmitrii Iastrebov is a noncitizen sitting in immigration detention. (Doc. 1.) Last month, this Court ordered the Government to provide him with an individualized bond hearing under 8 U.S.C. § 1226(a). This was after the Government conceded he was entitled to such relief. *See Iastrebov v. Warden*, No. 2:26-cv-01289-KCD-DNF, Doc. 28 at 3 (M.D. Fla. May 13, 2026).

What happened next borders on the surreal. Five days later, an immigration judge refused to hold the ordered hearing, claiming Iastrebov is

not covered by § 1226(a) and thus ineligible for bond. Instead of defending this Court's mandate, the Government's counsel acquiesced in that refusal and waived any administrative appeal. Now, faced with a renewed habeas petition, the Government casually announces that its previous concession "was in error" and asks this Court to reverse itself and hold that Iastrebov is instead subject to mandatory detention under 8 U.S.C. § 1225.

The Government was right the first time. And its request for a do-over here is not just legally unsupportable, it is a masterclass in litigation cynicism. A federal court is not a testing lab where the Executive branch can pilot a concession to get a case closed, stand by silently while its own administrative process flouts the resulting mandate, and then stroll back in demanding a clean slate. Give me a break.

Why Iastrebov is legally entitled to a bond hearing is a question this Court has already answered in painstaking detail—an explanation that should not have required a sequel. *Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-CV-1143-KCD-NPM, 2026 WL 1345914, at *1 (M.D. Fla. May 14, 2026); *see also Mendes v. Noem*, No. 3:26-CV-118-JEP-PDB, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026); *Garcia v. Warden*, No. 3:26-CV-1353-WWB-SJH, 2026 WL 1660386, at *1 (M.D. Fla. June 9, 2026). And because the Government has shown that it cannot follow this Court's explicit directions

and offers zero assurance that it will comply with the statutory process it previously championed, Iastrebov will be immediately released.

Accordingly, the Renewed Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**. Iastrebov is entitled to a bond hearing. But because the Government has shown a complete inability to follow judicial directions, the only remedy that "law and justice require" is immediate release. 28 U.S.C. § 2243. The Government is directed to release Iastrebov within 48 hours of this Order. Respondents shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ORDERED** in Fort Myers, Florida on June 11, 2026.

Kyle C. Dudek
United States District Judge

3